**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SARAH MARIE GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-01510-JD |

## ORDER

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 16] issued on September 15, 2026.[1]

Judge Mitchell recommends that the Court reverse and remand the final decision of Defendant for further administrative proceedings. [*See* Doc. No. 16 at 2, 18]. Judge Mitchell advised the parties of their right to file objections to the R. & R. with the Clerk of Court by September 29, 2026, and explained that failure to timely object waives the right to appellate review of both factual and legal issues contained in the R. & R. [*Id.* at 18 (citing 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or

---

[1] This Court referred the case to Judge Mitchell on April 2, 2026. [Doc. No. 7]. The record contains the Social Security Administration Record filed by Defendant [Doc. No. 4], and the parties' arguments in their briefs [Doc. Nos. 1, 6, 14].

for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Neither Plaintiff nor Defendant filed objections to the R. & R. by the deadline, and both parties waived their right to challenge the recommended disposition. Both parties have counsel. Neither party filed anything in response to the R. & R. or sought an extension of time to do so. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a pro se litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 16] and **REVERSES** and **REMANDS** the decision of Defendant for further

administrative proceedings consistent with the R. & R. A separate judgment in favor of Plaintiff will follow.

IT IS SO ORDERED this 15th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE